# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| STEVEN JOSEPH MOODY, ) <br> BCCC MniNo: BCSO21MNI009956, ) <br>     Petitioner, ) <br> ) <br> v. ) <br> ) <br> WILLIAM E. SCULLY, JR., ) <br>     Respondent. ) | CIVIL ACTION NO. 1:21-00488-JB-N |

## REPORT AND RECOMMENDATION

Petitioner **STEVEN JOSEPH MOODY**, proceeding without counsel (*pro se*), initiated this action by filing a handwritten document dated October 3, 2021, and labeled "§ 1983 Civil Rights Complaint for ALABAMA Southern District" (Doc. 1). On review, the Court determined that Moody's complaint, which challenged his pretrial detention and bond conditions imposed by a state judge in Baldwin County, Alabama, and sought only release from pretrial confinement (or at least a chance to demonstrate entitlement to same in state court), was appropriately construed as a petition for a writ of habeas corpus under 28 U.S.C. § 2241. (*See* Doc. 2). The Court ordered Moody to refile his § 2241 petition using this Court's form. Moody timely complied by filing a § 2241 petition dated November 22, 2021 (Doc. 3), and an accompanying motion for leave to proceed *in forma pauperis* (Doc. 4), both of which were received by the Court on November 30, 2021 (*see id.*, PageID.10, Clerk's Timestamp). To date, the Court has not received any further correspondence from Moody.

A challenge to state pretrial detention is properly brought by a petition under § 2241. *See Medberry v. Crosby*, 351 F.3d 1049, 1060 (11th Cir. 2003) ("State pre-trial detention … might violate the Constitution or the laws or treaties of the United States. Yet a person held in such pre-trial detention would not be 'in custody pursuant to the judgment of a State court.' Such a prisoner would file an application for a writ of habeas corpus governed by § 2241 only."); *Stacey v. Warden, Apalachee Corr. Inst.*, 854 F.2d 401, 403 n.1 (11th Cir. 1988) (per curiam) ("Pre-trial habeas petitions … are properly brought under 28 U.S.C. § 2241, which applies to persons in custody regardless of whether final judgment has been rendered."); *Hughes v. Att'y Gen. of Fla.*, 377 F.3d 1258, 1261 (11th Cir. 2004) ("[B]ecause this petition for habeas relief is a pre-trial petition it would only be properly asserted pursuant to 28 U.S.C. § 2241."). However, entitlement to relief under § 2241 requires the petitioner to be "in custody."

> Article III of the Constitution "limits the jurisdiction of federal courts to 'cases' and 'controversies,' " and the justiciability doctrine's main components include mootness. *See Christian Coal. of Fla., Inc. v. United States*, 662 F.3d 1182, 1189 (11th Cir. 2011) (quotation marks omitted). A cause of action becomes moot "when it no longer presents a live controversy with respect to which the court can give meaningful relief." *See id.* (quotation marks omitted).
>
> Because mootness is jurisdictional, [a court is] required to resolve any question implicating the doctrine before we assume jurisdiction over an [action]. *United States v. Al-Arian*, 514 F.3d 1184, 1189 (11th Cir. 2008) … In considering mootness, we look at the events at the present time, not at the time the complaint was filed … *Dow Jones & Co. v. Kaye*, 256 F.3d 1251, 1254 (11th Cir. 2001).
>
> "As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*,

926 F.3d 1283, 1289 (11th Cir. 2019); *see also* 28 U.S.C. § 2241(c)(3)). The Supreme Court has held that the "in custody" requirement of § 2241 is satisfied if restrictions have been placed on a petitioner's freedom of action or movement. *See Jones v. Cunningham*, 371 U.S. 236, 243, 83 S. Ct. 373, 9 L. Ed. 2d 285 (1963). This means that once a petitioner's custodial sentence has expired, "some concrete and continuing injury ... some 'collateral consequence' ... must exist if the suit is to be maintained." *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L.Ed.2d 43 (1998)…

Ultimately, the burden remains on the petitioner to establish that his case still presents a live "case or controversy" by demonstrating that a collateral consequence of his imprisonment persists after his release. *See Mattern v. Sec'y for Dep't of Corrs.*, 494 F.3d 1282, 1285 (11th Cir. 2007). So where a habeas petitioner has been released from detention … and he has not raised a challenge to a "collateral consequence," [a] habeas petition has become moot.

*Djadju v. Vega*, 32 F.4th 1102, 1106–07 (11th Cir. 2022).

Information from the online inmate search tool for the Baldwin County Corrections Center (http://bcsonline.co.baldwin.al.us/smartweb/jail.aspx), where Moody was detained at the time he initiated this action and mailed his new § 2241, indicates that Moody was released from that facility on November 30, 2021, and is not currently incarcerated there. He is also not currently incarcerated either at the Mobile County Metro Jail (*see* https://www.mobileso.com/whos-in-jail/ (last visited July 26, 2022)) or with the Alabama Department of Corrections *(see* http://www.doc.state.al.us/InmateSearch (last visited July 26, 2022)). While Moody's petition also challenges his bond conditions—that he be held under house arrest and GPS monitoring, and that his bond amount be reduced—those challenges were premised on his assertion that he could not comply with them due to being homeless

and out of work, and would thus swiftly be detained again for violating them. However, the fact that Moody has not been detained again in Baldwin County since being released on November 30, 2021, belies any indication that Moody's bond conditions have resulted in "collateral consequences." Accordingly, Moody's § 2241 petition is due to be **DISMISSED without prejudice** as **MOOT**.

Alternatively, this action is due to be **DISMISSED without prejudice** under Federal Rule of Civil Procedure 41(b) for failure to prosecute. Under the Court's local rules, "[w]henever it appears that the Plaintiff is not diligently prosecuting the action, the Court upon notice may dismiss the action for failure to prosecute, in accordance with applicable law." S.D. Ala. Civil Local Rule 41(c). *See also* Fed. R. Civ. P. 41(b) (court may dismiss action if "the plaintiff fails to prosecute"). As noted previously, Moody has not filed anything further with the Court, nor does he appear to have otherwise inquired about the status of this case, since filing his court-form habeas petition and IFP motion back in November 2021. In particular, Moody has never notified the Court of his release, despite the Court's prior order warning him that "the failure … to advise the Court of a change in address, will result in a recommendation that the petition be dismissed without prejudice for failure to prosecute and to obey the Court's Order." (Doc. 2, PageID.9). Considering this, the undersigned finds that Moody has failed to diligently prosecute this action and that dismissal as a consequence is appropriate. As Moody will be given an opportunity to object to this Report and Recommendation, *see*

*infra.*, this document provides sufficient notice of the Court's intent under CivLR 41(c).

Accordingly, it is **RECOMMENDED** that this habeas action brought under 28 U.S.C. § 2241 be **DISMISSED without prejudice** as **MOOT** due to Moody's subsequent release from custody, or alternatively under Rule 41(b) for failure to diligently prosecute this action, and that final judgment be entered accordingly in favor of the Respondent in accordance with Federal Rule of Civil Procedure 58. It is further **RECOMMENDED** that Moody's in forma pauperis motion (Doc. 4) be found **MOOT** in light of the dismissal.

For habeas petitions brought by persons in state custody, a "district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts. "Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court." 28 U.S.C.A. § 2253(c)(1)(A).[1]

Where the district court "has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484,

---

[1] "Based on the statutory language of 28 U.S.C. § 2253(c)(1), state prisoners proceeding under § 2241 must obtain a COA to appeal." *Sawyer v. Holder*, 326 F.3d 1363, 1364 n.3 (11th Cir. 2003).

120 S. Ct. 1595, 146 L. Ed. 2d 542 (2000). Where habeas relief is denied on procedural grounds without reaching the merits of the underlying constitutional claim(s), "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id. See also Miller-El v. Cockrell*, 537 U.S. 322, 336, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) ("Under the controlling standard, a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." (citations omitted and punctuation modified)). For all cases, "[a] certificate of appealability may issue 'only if the applicant has made a substantial showing of the denial of a constitutional right.' " *Spencer v. United States*, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc) (quoting 28 U.S.C. § 2253(c)(2)). While "a COA does not require a showing that the appeal will succeed[,]" a "prisoner seeking a COA must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, 537 U.S. at 337-38 (quotations omitted).

Upon due consideration, the undersigned finds that Moody should be **DENIED** a certificate of appealability in conjunction with the dismissal of the present habeas petition, as he has not made a substantial showing of the denial of a

constitutional right.[2]

## **NOTICE OF RIGHT TO FILE OBJECTIONS**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within 14 days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts; S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate

---

[2] Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection by the petitioner to the recommendation to deny a certificate of appealability, he may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Should this Court deny a certificate of appealability, the petitioner "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts.

Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 26th day of July 2022.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**